CHICAGO—FIRST DISTRICT—FEBRUARY, 1909. 607

Rueckheim Bros. and Eckstein v. SerVis I. C. and C. Co., 146 App. 607.

---

**Rueckheim Brothers and Eckstein, Defendant in Error, v. SerVis Ice Cream and Candy Company, Plaintiff in Error.**

## Gen. No. 14,382.

1. EVIDENCE—*when telephone conversations incompetent.* An unidentified telephone conversation is not competent to bind a party to an action and is therefore incompetent.

2. APPEALS AND ERRORS—*when cost of abstract not taxed in favor of appellant.* Notwithstanding the appellant may prevail the cost of an abstract, which does not conform to the rules of court, will not be taxed in his favor.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed February 16, 1909.

**Statement by the Court.** This writ of error brings before us for review the proceedings and judgment in the Municipal Court of Chicago in an action brought by Rueckheim Brothers & Eckstein, a corporation, defendant in error, against SerVis Ice Cream & Candy Company, a corporation, plaintiff in error, for merchandise claimed to have been sold and delivered by the plaintiff below to the defendant in August, 1907.

The record shows that the contracts of sale were attempted to be proved by telephone conversations claimed to have been had on August 13, 19 and 24, 1907, between F. A. Russell, a city salesman of the plaintiff,

and some one at the other end of the wire claiming to represent the defendant. The testimony of Russell tends to show that he was called up on August 13, 1907, by some one on the telephone who said it was the defendant Candy Company, and that it had privileges at Pain's Fire Works and wanted to place an order with the plaintiff for five cases of cracker jack to be delivered at the park, and that he wrote down the order and the goods were delivered by the plaintiff's wagon man, who returned a receipt for the goods signed "W. E. SerVis, per S. A. Horowitz."

A few days later Russell received another order in the same way for seven cases more of the same goods to be delivered at the same place. Plaintiff's wagon man returned a receipt for the same, dated August 19, 1907, signed "W. E. SerVis, S. A. H.," and some time later a stranger called up the witness and placed another order for five cases to be delivered at the same place; and plaintiff's wagon man returned a receipt dated August 24, 1907, signed "Jack Horowitz." The witness did not know the voice of the person who gave the orders. At the time of taking the third order the plaintiff was called up by some one giving the defendant's name in the absence of the witness, who subsequently called up the defendant at its place of business, 108 South Clark street, Chicago, and he asked the girl who answered the call if they wished more cracker-jack, and she responded that she did not know. He left the telephone number and asked that he be called up. He was subsequently called on the telephone and the party referred to the memoranda he had left, and gave the order. The witness also testified that in September or October he went to the defendant's place of business, 108 South Clark street, and saw Mr. SerVis and presented the bill, and that SerVis said the first bill was all right, that he knew nothing about the others and that he had a claim against the plaintiff for something like $28 for a roller, and he wanted it paid.

Ser Vis denied the statements of Russell; denied that he said the defendant owed the first bill or any part of it; stated that he told Russell that defendant had absolutely nothing to do with the bill; he further testified that he received the mail for the defendant company and knew all about its letters, and that the company had never received any bills from the plaintiff and that no person except himself had any right to buy goods or make contracts for the defendant company; that Horowitz had no relations with the company and no right to buy goods for it or to contract for it; that Horowitz had never been in the employ of the company and had never had any connections with it in any way; that the witness had never had any telephone conversations with Russell or any other person connected with the plaintiff about buying cracker-jack from them for the defendant or any other person; that the defendant never had anything to do with Pain's Fire Works or the cracker-jack concession or arrangements there, and the defendant never handled cracker-jack.

SCOTT OSTEN CAVETTE, for plaintiff in error.

CHARLES DANIELS and SUMNER C. PALMER, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The assignments of error question the correctness of the rulings of the court on the admissions of evidence, the motions to exclude evidence, and the motion for a new trial. It is also contended that the evidence does not sustain the finding and judgment of the court.

The court permitted a telephone conversation between the witness Russell and some unknown person to be received in evidence without in any way connecting the unknown persons with the defendant, plaintiff in error, in relation to the first and second orders given. The

unknown person called up Russell and gave the order. No proof was offered to show that the unknown person was authorized by, or connected with, or even in the place of business of the plaintiff in error. This was error. The rule of the Supreme Court of Missouri in Wolfe v. Missouri Pacific Ry. Co., 97 Mo. 473, quoted with approval in Godair v. Ham Nat. Bank, 225 Ill. 572, does not apply to this case. In the Missouri case it was sought to introduce a conversation had by telephone between a witness and some person in the place of business of one of the parties to the suit, and the evidence was held admissible on the ground, that "when a person places himself in connection with a telephone system through an instrument in his office, he thereby invites communication, in relation to his business, through that channel." But, that is far from holding the admissibility of such conversations with some person not shown to have been in the place of business of the party, and using the instrument there installed. A party may well be held responsible for what takes place in his own business office under such circumstances, but we do not think the rule should be extended to conversations over other telephones wherever situated, simply because the party has connected himself with a telephone system.

The facts shown in regard to the third order differ somewhat from the other orders, according to the testimony of the witness Russell. In that case Russell called up the office of the defendant and requested the person who answered him to make a memorandum of the fact that he desired to talk with the person who wished to give a further order for cracker-jack; and shortly thereafter he was called up by a person who referred to what had taken place over the telephone, and gave an order. This affords grounds for the inference that the person talking with him was at the office of the defendant and acting for it, and brings that conversation within the rule in the Godair case *supra,* making the conversation admissible.

Upon a careful review of the evidence in the record we are of opinion that it does not sustain the finding and judgment. The evidence shows that some one unknown ordered the goods delivered at Pain's Fire Works at Sixty-third street and South Park avenue, Chicago, and that Horowitz received and receipted for the goods at that place. The defendant company was not doing business there, and had nothing whatever to do with the business there conducted by Horowitz. Horowitz was never connected in any way with the defendant company, and had no authority whatever to purchase goods in the name of the defendant. The evidence in the record does not show that the defendant ordered the goods, the value or price of which was sought to be recovered in the action.

The abstract of record so-called filed by plaintiff in error is largely a copy of the record, and contains arguments of counsel. It does not conform to the rules of court. The abstract should not be taxed in the costs of court against defendant in error.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*